**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JACQUELINE MEDIOUS-SANDERS, | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 1:20-cv-07518** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ABBOTT LABORATORIES; TAKEDA** | ) | |
| **PHARMACEUTICALS USA, INC.;** | ) | |
| **TAKEDA PHARMACEUTICALS** | ) | |
| **AMERICA, INC.; TAKEDA** | ) | |
| **DEVELOPMENT CENTER AMERICAS,** | ) | |
| **INC. F/K/A TAKEDA GLOBAL** | ) | |
| **RESEARCH & DEVELOPMENT** | ) | |
| **CENTER, INC.; TAKEDA** | ) | |
| **PHARMACEUTICAL** | ) | |
| **COMPANY LIMITED,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**NOTICE OF REMOVAL**

Defendants Takeda Pharmaceuticals U.S.A., Inc., Takeda Pharmaceuticals America, Inc.,

Takeda Development Center Americas, Inc. f/k/a Takeda Global Research & Development

Center, Inc., and Takeda Pharmaceutical Company Limited ("Removing Defendants"), under 28

U.S.C. §§ 1332, 1441, and 1446, hereby file their Notice of Removal of this case from the

Circuit Court of Cook County, Illinois to the United States District Court for the Northern

District of Illinois, Eastern Division. As grounds for removal, the Removing Defendants state:

**INTRODUCTION**

1.      On May 31, 2019, Plaintiff filed a Complaint in the Circuit Court of Cook

County, Illinois, in an action entitled *Jacqueline Medious-Sanders v. Abbott Laboratories, et al.*,

Case No. 2019-L-006045. Plaintiff's Amended Complaint was deemed filed by Order of the

1

Court on December 6, 2019. A copy of the state court pleadings, including the Complaint, is attached hereto as Exhibit A.

2. Plaintiff seeks damages as a result of alleged conduct by Defendants arising from Plaintiff's alleged use of certain prescription and over the counter medications, known as proton pump inhibitors ("PPIs"). *See* Am. Compl. ¶¶ 1-5. More specifically, the Amended Complaint alleges that Plaintiff took the PPI product Prevacid "from at least approximately January 2003 to June 2008," and that "[a]s a direct and proximate result of Plaintiff's use of the PPI(s) . . . Plaintiff has suffered and was treated for Chronic Kidney Disease ('CKD'), in approximately January 2010 with related sequelae." *See* Am. Compl. ¶ 18(a) and (b).

3. Plaintiff asserts a variety of theories of liability, including Strict Product Liability (Count I), Strict Product Liability – Design Defect (Count II), Strict Product Liability – Failure to Warn (Count III), Negligence (Count IV), Negligence Per Se (Count V), Negligence – Failure to Test (Count VI), Breach of Express Warranty (Count VII), Breach of Implied Warranty of Merchantability (Count VIII), Negligent Misrepresentation (Count IX), Fraud and Fraudulent Misrepresentation as to Defendant Abbott (Count X), Fraud and Fraudulent Misrepresentation as to Defendant Takeda Pharmaceuticals U.S.A., Inc. ("TPUSA") (Count XI), Fraud and Fraudulent Misrepresentation as to Defendant Takeda Pharmaceuticals America, Inc. ("TPA") (Count XII), Fraud and Fraudulent Misrepresentation as to Defendant Takeda Development Center Americas, Inc. f/k/a Takeda Global Research & Development Center, Inc. ("TDC") (Count XIII), Fraud and Fraudulent Misrepresentation as to Defendant Takeda Pharmaceutical Company Limited ("TPC") (Count XIV), Gross Negligence (Count XV), and Violation of Consumer Protection Laws and Deceptive Trade Practices (Count XVI). Plaintiff asserts many of these claims "pursuant to all laws that may apply according to choice of law principles,

including the law of the Plaintiff's resident State." *See* Am. Compl. ¶¶ 313, 344, 384, 413, 427, 435, 476, 1000, 1003.

4.      This is one of thousands of cases that have been filed in both state and federal courts across the country involving PPI medications and allegations of kidney injury. On August 2, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order directing that then-pending federal PPI-related cases be transferred and coordinated for pre-trial proceedings in the United States District Court for the District of New Jersey, before the Honorable Claire C. Cecchi, pursuant to 28 U.S.C. § 1407. *See* Transfer Order, *In re Proton-Pump Inhibitor Products Liability Litigation (No. II)*, MDL 2789 (D.N.J.) attached hereto as Exhibit B. Additional PPI-related cases pending in federal court, which are common to the actions previously transferred to the District of New Jersey and assigned to Judge Cecchi, are treated as potential tag-along actions. *See id.*; *see also* Rules 7.1 and 7.2, R.P.J.P.M.L. (2016). Defendants in the MDL intend to seek the transfer of this action to that Multidistrict Litigation, *In re Proton-Pump Inhibitor Products Liability Litigation (No. II)*, MDL 2789 (hereinafter "the MDL"), and shortly will provide the JPML with notice of this action pursuant to the procedure for "tag along" actions set forth in the Rules and Procedures of the JPML. Plaintiff concurs that this case should be sent to the MDL and has agreed not to contest this removal or transfer of this matter to the MDL.

**THE NOTICE OF REMOVAL IS TIMELY**

5.      Plaintiff filed her Complaint on May 31, 2019 and her Amended Complaint on December 6, 2019. *See* Compl., Am. Compl. Defendant Abbott Laboratories ("Abbott") was dismissed pursuant to Section 5/2-1009(a) of the Illinois Code of Civil Procedure and the agreement of the parties and order of the court, entered November 23, 2020. Accordingly,

3

removal is timely because this action as stated by the Complaint was not removable at the time of filing because 1) Abbott Laboratories is a citizen of the State of Illinois for diversity purposes in that it was incorporated in the State of Illinois and has its principal place of business in the State of Illinois; and 2) this Notice of Removal is being filed within thirty (30) days of receipt by the Removing Defendants of the court's November 23, 2020 order dismissing Abbott, from which it may first be ascertained that the case is one which has become removable. *See* 28 U.S.C. § 1446(b)(3). Although this removal is filed more than a year after the commencement of the action, the time limit in 28 U.S.C. § 1446(c), Plaintiff has agreed not to assert that removal of this case is untimely. *See Barrios v. Fashion Gallery, Inc.*, No. 15 C 10193, 2017 WL 1102755, at *2 (N.D. Ill. Mar. 23, 2017) (declining to remand despite removal more than a year after commencement); *accord Arnieri v. Cornhoff*, 807 F. Supp. 2d 739, 741 (N.D. Ill. 2011) (considering the 30-day removal requirement, "tardiness in removal is not a subject matter jurisdictional issue").[1]  Accordingly, the one-year limitation on removal has been waived, and this case has been properly removed.  No previous application for removal has been made.

## BASIS FOR SUBJECT-MATTER JURISDICTION IN THIS COURT

### The Requisite Diversity of Citizenship is Satisfied.

6.  As explained in further detail below, this Court has original jurisdiction under 28 U.S.C. § 1332(a) because complete diversity of citizenship between Plaintiff and each of the remaining Defendants exists, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.  Plaintiff is, and at the time of the filing of the Complaint was, a citizen of Illinois. *See* Am. Compl., ¶ 18.

---

[1] *But see, e.g., Foiles v. Merrell Nat. Laboratories*, 730 F. Supp. 108, 110 (N.D. Ill. 1989) (finding the one-year limitation to be jurisdictional and not waivable).

8.      Defendant Takeda Pharmaceuticals U.S.A., Inc., is, and at the time of the filing of this action was, a Delaware corporation with its principal place of business in Massachusetts.  It therefore is a citizen of Delaware and Massachusetts under 28 U.S.C. § 1332(c)(1).

9.      Defendant Takeda Pharmaceuticals America, Inc., is, and at the time of the filing of this action was, a Delaware corporation with its principal place of business in Massachusetts. It therefore is a citizen of Delaware and Massachusetts under 28 U.S.C. § 1332(c)(1).

10.      Defendant Takeda Development Center Americas, Inc. f/k/a Takeda Global Research & Development Center, Inc., is, and at the time of the filing of this action was, a Delaware corporation with its principal place of business in Massachusetts.  It therefore is a citizen of Delaware and Massachusetts under 28 U.S.C. § 1332(c)(1).

11.      Defendant Takeda Pharmaceutical Company Limited is, and at the time of the filing of this action was, a Japanese corporation having its principal place of business located in Japan.  It therefore is a citizen of Japan under 28 U.S.C. § 1332(c)(1).

12.      None of the properly joined Defendants is a citizen of Illinois, the state where Plaintiff is a citizen and the forum state.  Complete diversity of citizenship therefore exists between Plaintiff and the remaining Defendants under 28 U.S.C. § 1332(a).  Further, no properly joined Defendant is a citizen of Illinois, the forum state, and therefore 28 U.S.C. § 1441(b)(2) does not bar removal.

**The Requisite Amount in Controversy Is Satisfied.**

13.      Plaintiff does not allege a specific amount in controversy in her Complaint or Amended Complaint.  However, in Paragraph (a) of her demand for relief, she seeks an award of compensatory damages "in excess of $75,000" for items such as "pain, suffering, discomfort, physical impairment, emotional distress, loss of enjoyment of life, loss of consortium, wrongful

death and other noneconomic damages." Am. Compl., Prayer for Relief, ¶ a. The Amended Complaint thus satisfies the amount in controversy requirement based upon its demand for noneconomic damages alone. In addition, Plaintiff seeks an award of economic damages in the form of unspecified medical expenses, out of pocket expenses, lost earnings and other economic damages (*Id.*, ¶ b), attorneys' fees (*Id.*, ¶ e), and alleges the propriety of exemplary damages (Am. Compl. ¶ 1002). On its face, therefore, the amount in controversy as to Plaintiff exceeds $75,000, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"); *see also Ross v. First Family Fin. Servs., Inc.*, No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("unspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332").

14. Moreover, Plaintiff alleges that "Plaintiff has suffered and was treated for Chronic Kidney Disease ('CKD'), in approximately January 2010 with related sequelae." *See* Am. Compl. ¶ 18(b).

15. In light of the severity of the allegations, the preponderance of the evidence demonstrates there is a reasonable possibility that the amount in controversy exceeds $75,000, exclusive of interest and costs.

16. In addition, related complaints alleging similar injuries have been filed in federal court and seek in excess of the jurisdictional minimum for federal diversity jurisdiction. *See, e.g.*, *Wilkerson v. AstraZeneca Pharmaceuticals LP et al.*, 2:17-cv-00215-CCC-MF (D.N.J., January 11, 2017) at ¶¶ 17, 58 (alleging "Renal/Kidney Failure" and that "the amount in controversy exceeds $75,000 exclusive of interest and costs"). As noted above, these matters

have been transferred to the *In re Proton-Pump Inhibitor Products Liability Litigation (No. II)*, MDL 2789 (D.N.J.), MDL proceeding and this case, as a related action, will be tagged and transferred accordingly as a "tag along" action. Accordingly, the jurisdictional amount as required for original jurisdiction in this Court under 28 U.S.C. § 1332(b) is satisfied.

## PROCEDURAL REQUIREMENTS

17. The Removing Defendants will give written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of this Notice with the Circuit Court of Cook County, Illinois, as required by 28 U.S.C. § 1446(d).

18. All remaining Defendants consent to and have joined in the removal of this action.

19. Abbott has been dismissed and therefore its consent to removal is not required.

20. The United States District Court for the Northern District of Illinois, Eastern Division, is the district court for the United States for the district and division embracing the place where the action is pending and has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

21. If any question arises as to the propriety of the removal of this action, the Removing Defendants request the opportunity to brief any disputed issues and to present oral argument in support of its position that this action is properly removable.

22. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any Defendant's right to assert any defense or affirmative matter, including, without limitation, the defenses of (a) lack of jurisdiction over the person; (b) improper venue; (c) insufficiency of process; (d) insufficiency of service of process; (e) improper joinder of claims and/or parties; (f) failure to state a claim; (g) failure to join an indispensable party(ies);

(h) lack of standing; or (i) any other procedural or substantive defense available under state or federal law.

23.     The Removing Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, the Removing Defendants respectfully request that this cause be removed from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1441 and 1446, and that this Court grant all other appropriate relief.


Respectfully submitted,


*/s/ James Hemmings*
Sherry A. Knutson (#6276306)
James R. Hemmings (#6286380)
**TUCKER ELLIS LLP**
233 South Wacker Drive
Suite 6950
Chicago, Illinois  60606
(312) 624-6300/Fax: (312) 624-6309
sherry.knutson@tuckerellis.com
james.hemmings@tuckerellis.com

*Attorneys for Defendants Takeda Pharmaceuticals, U.S.A., Inc.; Takeda Pharmaceuticals America, Inc.; Takeda Pharmaceutical Company Limited; and Takeda Development Center Americas, Inc. f/k/a Takeda Global Research & Development Center, Inc.*

8

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on December 18, 2020, I electronically filed the foregoing

with the Clerk of Court by using the CM/ECF system which will send a notice of electronic

filing to all CM/ECF participants.

I further certify that I mailed the foregoing document and the notice of electronic filing

by electronic mail to:

E. Samuel Geisler (ARDC 6305996)
AYLSTOCK, WITKIN, KREIS &
OVERHOLTZ, PLLC
17 E. Main Street, Suite 200
Pensacola, Florida 32502
Tel: (850) 202-1010
Fax: (850) 772-9062
Email: SGeisler@awkolaw.com

Paul J. Pennock
Weitz & Luxenberg P.C.
700 Broadway
New York, New York 10003
Phone: (212) 558-5549
Fax: (646)-293-6539
ppennock@weitzlux.com

***ATTORNEYS FOR PLAINTIFF***

*/s/ Andrea Glinka Przybysz*